UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JACK ELLIOT,<br><br>                    Plaintiff,<br><br>         v.<br><br>TAKHAR COLLECTION SERVICES, LTD.,<br>AND DOE 1,<br><br>                    Defendants. | No.  12-CV-0138-EFS<br><br>**ORDER GRANTING PLAINTIFF'S MOTION OF ENTRY OF DEFAULT JUDGMENT AND ATTORNEY'S FEES, DIRECTING ENTRY OF JUDGMENT, AND CLOSING FILE** |

**I.   INTRODUCTION**

Before the Court, without oral argument, is Plaintiff Jack Elliot's Motion for Entry of Default Judgment and Attorney's Fees, ECF No. 12. The motion seeks default judgment against Defendant Takhar Collection Services, Ltd. based on Defendant's failure to answer the complaint. Having reviewed the pleadings and file in this matter, the Court is fully informed and grants Plaintiff's motion.

**II.   BACKGROUND**[1]

Defendant is a debt collector who began contacting Plaintiff in January 2011 seeking to collect a debt of Sean Luce. ECF No. 1, at 3. Mr. Luce is a prior acquaintance of Plaintiff. *Id*. Plaintiff

---

[1] The Court accepts as true all well-pleaded factual allegations of Plaintiff's complaint. *See Cripps v. Life Ins. Co. of N. Am.*, 980 F.2d 1261, 1267 (9th Cir. 1992) (citing *Benny v. Pipes*, 799 F.2d 489, 495 (9th Cir. 1986)).

ORDER GRANTING PLAINTIFF'S MOTION OF ENTRY OF DEFAULT JUDGMENT AND ATTORNEY'S FEES, DIRECTING ENTRY OF JUDGMENT, AND CLOSING FILE - 1

1  explained to Defendant that Mr. Luce did not reside at the address of
2  the number called and that he had no contact information for Mr. Luce.
3  *Id.* Defendant continued to call Plaintiff two-to-three times per day.
4  *Id.* Although Plaintiff called and asked Defendant to cease contacting
5  him, the calls continued. *Id.* In a later phone conversation with
6  Plaintiff's counsel, an employee of Defendant explained that their
7  automated calling system requires three-to-five business days to
8  deactivate an erroneous phone number; however, each time Plaintiff
9  called to request that Defendant stop calling, the system recognized
10 the number as Mr. Luce's and reinstated the number in their system.
11 *Id.*
12    Plaintiff filed a complaint under the Fair Debt Collection
13 Protections Act ("FDCPA"), and served Defendant on May 18, 2012. ECF
14 No. 2. Defendant did not respond or defend against the claim. *Id.*
15 Therefore, the Clerk entered default against Defendant on September
16 20, 2012. ECF No. 8. Plaintiff mailed a Notice of Intent to File
17 Motion for Default Judgment to Defendant on January 15, 2013. ECF No.
18 10. Plaintiff moved for entry of default judgment on February 19,
19 2013. ECF No. 12. On April 30, 2013, the Court ordered Plaintiff to
20 supplement his motion with documentation supporting his request for
21 attorney's fees. ECF No. 13. Plaintiff moved for an extension of
22 time to file the supplemental motion, which was granted by the Court
23 on June 18, 2013. ECF No. 16. Plaintiff's supplemental declaration
24 was filed on July 15, 2013. ECF No. 17.
25 *//*
26 *//*

ORDER GRANTING PLAINTIFF'S MOTION OF ENTRY OF DEFAULT JUDGMENT AND
ATTORNEY'S FEES, DIRECTING ENTRY OF JUDGMENT, AND CLOSING FILE - 2

### III. LEGAL STANDARD

Under Federal Rule of Civil Procedure 55, obtaining a default judgment is a two-step process. First, under Rule 55(a), default may be entered by the Clerk of Court when the "party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend." Fed. R. Civ. P. 55(a). Once default has been entered, the party seeking default judgment may then file a motion for default judgment pursuant to Rule 55(b). The decision of whether or not to grant default judgment is within the discretion of the district court. *See Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). In exercising its discretion to grant or deny a motion for default judgment, the Court considers the following factors:

> (1) the possibility of prejudice to the plaintiff; (2) the merits of plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986).

### IV. DISCUSSION

**A. Motion for Default**

A careful analysis of the above *Eitel* factors supports granting default judgment here. First, Plaintiff will experience prejudice if judgment is not granted. He has invested time and energy into the lawsuit.[2] In addition, as Defendant has failed to answer or otherwise

---

[2] Plaintiff's counsel has indicated no out-of-pocket fee was charged to Plaintiff for representation. ECF No. 12, at 9.

ORDER GRANTING PLAINTIFF'S MOTION OF ENTRY OF DEFAULT JUDGMENT AND ATTORNEY'S FEES, DIRECTING ENTRY OF JUDGMENT, AND CLOSING FILE ~ 3

respond, Plaintiff would be prejudiced because he would otherwise have no recourse for his grievance.

With regard to *Eitel's* second and third factors, Plaintiff's complaint alleges sufficient factual grounds to demonstrate that Plaintiff's FDCPA claims have merit. For instance, Plaintiff alleged the following facts supporting a 15 U.S.C. § 1692b(3) violation: 1) Defendant is a "debt collector" under 15 U.S.C. § 1692a(6), and 2) Defendant violated the FDCPA by repeatedly contacting Plaintiff after being informed that Plaintiff had no contact information for Mr. Luce. ECF No. 1, at 3, 4.

Plaintiff also alleged the following facts supporting a 15 U.S.C. § 1692d violation: 1) Defendant is a "debt collector" under 15 U.S.C. § 1692a(6), and 2) Defendant violated the FDCPA by harassing, oppressing, and abusing him in connection with the collection of a debt by calling him two-to-three times per day. ECF No. 1, at 3, 5.

The sum of money at stake in the action, *Eitel's* fourth factor, is relatively small; thus, this factor favors default judgment. And in considering *Eitel's* fifth factor — the possibility of dispute concerning material facts — the Court believes it unlikely Defendant would dispute the above material facts. The parties likely agree that Plaintiff did not have contact information for Mr. Luce and that Defendant continued to call Plaintiff.

*Eitel's* sixth factor, whether Defendant's default was due to excusable neglect, favors default judgment because Plaintiff provided proof of service of Defendant, ECF No. 2, and notified Defendant of his intent to move for default judgment, ECF No. 10. Defendant has

not answered the complaint or opposed the motion. Therefore, the Court has no reason to believe Defendant's default resulted from excusable neglect.

Finally, *Eitel's* seventh factor, the possibility of reaching a decision on the merits, is a slim probability in this case. The small statutory penalty makes it cheaper for Defendant to pay the statutory fine and attorney's fees, rather than the costs associated with litigating Plaintiff's claims.

In short, the balance of these factors overwhelmingly favors granting default judgment.

**B.  Statutory Damages**

Plaintiff seeks the full statutory damages allowable under the FDCPA. ECF No. 12, at 9. The FDCPA allows the Court to award damages up to $1,000 per lawsuit. 15 U.S.C. § 1692k(a)(2)(A); *Nelson v. Equifax Info. Services, LLC*, 522 F. Supp. 2d 1222, 1239 (C.D. Cal. 2007). In determining the amount of damages, the Court considers "the frequency and persistence of noncompliance by the debt collector, the nature of such noncompliance, and the extent to which such noncompliance was intentional." 15 U.S.C. § 1692k(b)(1).

After considering these factors, the Court awards Plaintiff the full statutory amount. Defendant has not answered, objected, or otherwise appeared in this case to demonstrate why $1,000 is an unfair sum. Because the noncompliance was frequent, considering the numerous calls alleged by Plaintiff, the Court finds that statutory damages of $1,000 are warranted under § 1692k(a)(2)(A).

//

ORDER GRANTING PLAINTIFF'S MOTION OF ENTRY OF DEFAULT JUDGMENT AND ATTORNEY'S FEES, DIRECTING ENTRY OF JUDGMENT, AND CLOSING FILE - 5

**C.   Attorney's Fees**

Plaintiff's counsel asks the Court to award $1,335 in attorney's fees. The FDCPA allows for an award of reasonable attorney's fees, as determined by the Court, to a prevailing party. 15 U.S.C. § 1692k(a)(3).

A prevailing party's attorney's fees are calculated using the lodestar method, which multiplies the number of hours reasonably expended on the litigation by a reasonable local hourly rate for an attorney with the skill required to perform the litigation. *Moreno v. City of Sacramento*, 534 F.3d 1106, 1111 (9th Cir. 2008); *Morales v. City of San Rafael*, 96 F.3d 359, 363 (9th Cir. 1996). At first glance, calculating attorney's fees seems a matter of rudimentary arithmetic. But the Court must take great care in ensuring that the number of hours claimed were reasonably expended on the litigation by 1) considering whether the hours are excessive, redundant, or otherwise unnecessary or unreasonable in light of the issues involved, and 2) ensuring that the hourly fee is reasonable given the skill and experience of counsel in light of the legal services at issue and results obtained. *See Pennsylvania v. Del. Valley Citizens' Council for Clean Air*, 478 U.S. 546, 566 (1986) (recognizing that the quality of counsel's representation is reflected in the reasonable hourly rate); *Morales*, 96 F.3d at 363; *Green v. Baca*, 225 F.R.D. 612, 614 (C.D. Cal. 2005) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433-35 (1983)). There is a strong presumption that the lodestar figure represents a reasonable fee; therefore, it is only in rare and exceptional circumstances that the lodestar method does not adequately

take into account a factor that may properly be considered in determining that an enhancement above the lodestar calculation is appropriate. *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542 (2010).

With these standards in mind, the Court applies the lodestar method. The Court finds the amount of hours claimed - 3.8 hours for attorney services and 3.9 hours for paralegal services - are reasonable and necessary; there was neither duplication nor excessive effort expended.

Plaintiff has supplied the following hourly rates for counsel: Jason Couey, at $300 per hour, and Robert Amador, at $300 per hour. ECF No. 12-5. Plaintiff requests paralegal fees at $50 per hour. *Id.* Typically, the fee applicant bears the burden "to produce satisfactory evidence - in addition to the attorney's own affidavits - that the requested rates are in line with those prevailing in the community . . . ." *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984). Reasonable hourly rates are calculated according to the prevailing market rates in the relevant community for "similar work performed by attorneys of comparable skill, experience, and reputation." *Chalmers v. City of L.A.*, 796 F.2d 1205, 1210-11 (9th Cir. 1997). The relevant community is generally the forum in which the district court sits. *Barjon v. Dalton*, 132 F.3d 496, 500 (9th Cir. 1997).

Plaintiff's counsel was unable to secure affidavits from attorneys that practice in the Eastern District of Washington to establish prevailing market rates. However, the Court finds Plaintiff's counsel exercised good faith in attempting to secure this information. Additionally, Plaintiff's counsel provided satisfactory

1 evidence in the form of case law and market studies to support their
2 proposed attorney's fees. ECF No. 17, at 4. The Court is satisfied
3 that Plaintiff's counsel's skill, experience, and reputation warrant a
4 fee of $300 per hour. The total fees requested by Plaintiff's counsel
5 are also reasonable considering no additional attorney's fees were
6 sought in attempting to obtain affidavits to establish market rate,
7 despite the fact that the Court expressly granted counsel leave to
8 seek these additional fees.

For the reasons set forth above, the Court finds an award of attorney's fees in the amount of $1,335 to be appropriate and reasonable.

**D.   Costs**

Plaintiff seeks costs of $350 in filing fees and $10.90 in *pro hac vice* fees, for a total of $360.90. ECF No. 12-5. Court costs are recoverable in FDCPA actions. 15 U.S.C. § 1692k(a)(3). Therefore, the Court awards Plaintiff $360.90 in costs.

**V.   CONCLUSION**

Accordingly, **IT IS HEREBY ORDERED**:

1. Plaintiff's Motion for Entry of Default Judgment and Attorney's Fees, **ECF No. 12**, is **GRANTED.**
2. The Clerk's Office is directed to **ENTER JUDGMENT** for Plaintiff in the amount of $1,000 in damages, $1,335 in attorney's fees, and $360.90 in costs.

//

//

//

ORDER GRANTING PLAINTIFF'S MOTION OF ENTRY OF DEFAULT JUDGMENT AND
ATTORNEY'S FEES, DIRECTING ENTRY OF JUDGMENT, AND CLOSING FILE - 8

3.   All pending motions and deadlines are **STRICKEN.**

4.   The Clerk's Office is directed to **CLOSE** this file.

**IT IS SO ORDERED.**  The Clerk's Office is directed to enter this Order and provide copies to Plaintiff's counsel.

**DATED** this 26th day of July 2013.

                          s/Edward F. Shea
                          EDWARD F. SHEA
                Senior United States District Judge

Q:\EFS\Civil\2012\138.default.judgment.close.lc2.docx

ORDER GRANTING PLAINTIFF'S MOTION OF ENTRY OF DEFAULT JUDGMENT AND ATTORNEY'S FEES, DIRECTING ENTRY OF JUDGMENT, AND CLOSING FILE - 9